UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERRY LOUIS THOMPSON,

    Plaintiff,

v.                                              Case No. 1:11-CV-1275

PEOPLE OF THE STATE OF             HON. GORDON J. QUIST
MICHIGAN and UNKNOWN
DR. SAX,

    Defendants.
                                    /

## OPINION

Plaintiff, Gerry L. Thompson ("Thompson"), filed a complaint in the United States District Court for the Central District of California on or about November 30, 2011, against the People of the State of Michigan and Unknown Dr. Sax. On December 2, 2011, the California court entered an order transferring the case to this Court pursuant to 28 U.S.C. § 1406(a).

On December 7, 2011, the magistrate judge issued an order granting Thompson leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). The Court must read Thompson's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). As set forth below, the Court concludes that Thompson's complaint must be dismissed as required by § 1915(e)(2) because the

State of Michigan is immune from suits for damages and Thompson's complaint it fails to state a claim.

Although Thompson's pro se complaint does not specify the relief sought, to the extent Thompson seeks damages from the State of Michigan, his claim must be dismissed.  Under the Eleventh Amendment, the State of Michigan is immune from suit in federal court.  "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006).  This is true regardless of the relief sought.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1964).  Because Michigan has not waived its immunity to suit under the Eleventh Amendment, *see Doe v. Wigginton*, 21 F.3d 733, 736-37 (6th Cir. 1994), Thompson's complaint against the State of Michigan must be dismissed.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

The following is the entirety of Thompson's allegations:

The People of Mi. are violating my constitutional rights at the behest of Dr. Sax by placing a guardianship on me with intent (malice) to decompesate [sic] me (financially as well as emotionally). More of the same malicious treatment rec'd as my ill incercartion [sic] (CA.).

(Compl. at 5.)

These brief and vague allegations are insufficient to state a claim for violation of Thompson's constitutional rights. Basically, Thompson is complaining that he has been placed under a guardianship, but he fails to allege how his rights have been violated, let alone which right. Moreover, Thompson fails to allege that Dr. Sax is a state actor or that Dr. Sax took any action that violates a specific constitutional right.

For the foregoing reasons, Thompson fails to state a claim and his complaint must be dismissed.

An Order consistent with this Opinion will be entered.


Dated: February 6, 2012                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE